IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD COLLINS,

    Petitioner,                      No. CIV S-08-0441 GEB GGH (TEMP) P

    vs.

S.R. MOORE,

    Respondent.                     <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges two decisions: (1) the Governor's September 5, 2006, reversal of the California Board of Parole Hearings' (BPH) finding that he was suitable for parole and (2) BPH's April 19, 2007, finding that he was not suitable for parole. He claims that on each occasion the Governor's and BPH's application of California's "some evidence" standard violated his federal right to due process. He also claims the Governor's decision violated the ex post facto clause.

        On February 2, 2011, the undersigned ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. <u>Swarthout v. Cooke</u>, 502 U.S. ___,

1

1 ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011).

2 Only respondent has filed timely briefing. For the reasons set forth in the prior order, it appears there is no federal due process requirement for a "some evidence" review. Thus the federal courts are precluded from a review of the state court's application of its "some evidence" standard.<sup>1</sup>

Two of petitioner's three claims allege violations of California's "some evidence" requirement. Therefore, those claims should be denied under Cooke. Furthermore, respondent informs the court that, since the order for briefing on Cooke issued, petitioner has been granted parole and released from prison. See Notice of Petitioner's Release, Exhibit A (Docket No. 47). Hearing nothing further on any issue from petitioner since his release, the court recommends his ex post facto claim should be denied as moot. The court expresses no finding or recommendation based on the merit of the ex post facto claim.

Accordingly, IT IS HEREBY RECOMMENDED that the motion to dismiss (Docket No. 31) be granted and the petition be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

---

[1] The court notes some perversity in the result here. Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985). Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003). However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

2

1 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

2       If petitioner files objections, he shall also address if a certificate of appealability
3 should issue and, if so, as to which issues.  A certificate of appealability may issue under 28
4 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
5 constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate
6 which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

7 DATED: March 2, 2011

8       /s/ Gregory G. Hollows

9       _____
      GREGORY G. HOLLOWS
      UNITED STATES MAGISTRATE JUDGE

15 GGH:hm
coll0441.157